UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHERMAINE DEWAYNE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:10CV0009SNLJ |
| ) | |
| KEVIN SPITZER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to appoint counsel (#4), filed January 6, 2010. Defendants filed a memorandum in opposition (#14) on March 12, 2010.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et. al., 146 F.3d. 538, 546 (8th Cir. 1998); Edgington v. Mo. Department of Corrections, 52 F.3d. 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, *supra*.; Natchigall v. Class, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. See McCall v. Benson, 114 F.3d 754 (8th Cir. 1997); Stevens, *supra,;* Edgington, *supra*.;

Natchigall, at 1080-81; Johnson v. Williams, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is warranted. Plaintiff appears to have stated a claim that would present complex factual issues and conflicting testimony, the investigation of which would be particularly burdensome for a *pro se* prisoner plaintiff. Plaintiff would be at a severe disadvantage while attempting to investigate the facts and present his claim without the assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#4), filed January 6, 2010 is **GRANTED**.

Dated this   6th   day of April, 2010.

UNITED STATES DISTRICT JUDGE