UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHERMAINE TAYLOR | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:10-cv-9 SNLJ |
| KEVIN SPITZER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Warren Moore and Michael Hakala's motion to dismiss, #37, filed August 24, 2010. No responsive pleading has been filed. Because the time for responding has passed, this matter is now ripe for disposition.

**I. Statement of the Case**

Plaintiff is incarcerated at Southeast Correctional Center in Charleston, Missouri. He filed this action under 42 U.S.C. § 1983 against the State of Missouri, Southeast Correctional Center ("SECC"), several correctional officers at the SECC, various administrators of the Missouri Department of Corrections and the SECC, and two members of the SECC medical staff who are the subject of the motion at hand, nurse Warren Moore and Dr. Michael Hakala. The Court granted plaintiff's motions to file *in forma pauperis* (#6) and for appointment of counsel (#20). Plaintiff filed an amended complaint through his counsel on July 20, 2010. Defendants Moore and Hakala filed this motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008)(quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir.

2010)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With this plausibility standard in mind, the Court turns to an examination of defendant' motion to dismiss.

## III. Discussion

Defendants Moore and Hakala argue that plaintiff has failed to state a claim for which relief can be granted as to them. Plaintiff's complaint — which, for the purposes of this motion to dismiss, the Court takes as true — alleges the following facts with respect to plaintiff's medical condition and defendants Moore and Hakala:

Between 1:30 a.m. and 3:00 a.m. on August 12, 2009, plaintiff was choked and assaulted by correctional officers as he was escorted back to his cell. Nurse Moore arrived at plaintiff's cell "seconds" after plaintiff was brought there, and Moore cleaned blood off plaintiff's body with medical gauze. (#30, Amended Cmplt. at ¶ 24.) Moore, upon hearing plaintiff's complaints of arm, rib, foot, neck, and face pain, as well as breathing difficulty and blurry vision, said he would call the doctor to see what the doctor wanted to do. (*Id.* at ¶ 25.) Later that morning, Moore told plaintiff the doctor did not want to do anything with plaintiff until the doctor arrived at the prison for the day. (*Id.* at ¶ 27.) Sometime between 8:00 a.m and 10:00 a.m., plaintiff was escorted to the infirmary, where Dr. Hakala assessed him. (*Id.* at ¶ 28.) Plaintiff's neck was x-rayed between 10:45 a.m. and 11:00 a.m. (*Id.* at ¶ 29.) A neck brace was placed around plaintiff's neck, and plaintiff "was rushed to the emergency room for a possible broken neck."

(*Id.*)  Plaintiff's neck was not actually broken, though it was determined that he suffered from trauma to his neck.  (*Id.* at ¶ 30.)  Plaintiff was temporarily placed in the infirmary for closer observation.  (*Id.*)

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right."  *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  Here, plaintiff claims his right to be free from cruel and unusual punishment under the Eighth Amendment was violated by the medical staff.  (#30, Amended Cmplt. at ¶ 33.)  To prevail on such a claim against defendants providing medical care, a prisoner must demonstrate more than medical negligence; rather, he must show that the prison employees' conduct constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Where an inmate alleges that a delay in treatment "is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment."  *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (emphasis in original) (internal quotations and citations omitted).

Defendants Moore and Hakala argue that plaintiff fails to allege any conduct by Moore or Hakala that constitutes any violation of plaintiff's Eight Amendment rights.  The Court agrees.  Plaintiff does not allege Moore or Hakala were involved in any cruel or unusual punishment, nor does he allege that they exhibited deliberate indifference to plaintiff's serious medical needs.  Indeed, plaintiff alleges that Moore arrived at his cell within "seconds" and that Moore followed

4

up with the doctor, defendant Hakala. Similarly, Dr. Hakala is alleged to have assessed plaintiff, and plaintiff was apparently immediately sent for x-rays and was "rushed" to the emergency room for further evaluation. Then, plaintiff was kept in the infirmary rather than being sent back to his cell with the general prison population. While plaintiff does not provide information about whether Moore or Hakala themselves ordered the x-rays, caused plaintiff to be "rushed" to the emergency room, or ordered that plaintiff be kept in the infirmary for further evaluation, it certainly does not appear from plaintiff's complaint that his injuries were not taken seriously by the medical staff. To the extent plaintiff bases his claim against Moore and Hakala on delay in treatment — that is, the delay between 3:00 a.m. and 8:00 a.m. while waiting for Dr. Hakala to arrive at work, during which time plaintiff continued to suffer breathing trouble, nosebleeds, spitting up blood, burst blood vessels, and poor vision — plaintiff has not alleged facts to support that the delay had a detrimental effect. In sum, plaintiff simply does not allege that either Moore or Hakala was deliberately indifferent to a serious medical need, and thus his complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Warren Moore and Michael Hakala's motion to dismiss (#37) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as to defendants Warren Moore and Michael Hakala, plaintiff's complaint is dismissed with prejudice.

Dated this __29th__ day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE