UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHERMAINE TAYLOR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10CV9 SNLJ |
| ) | |
| KEVIN SPITZER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Shermaine Taylor's motion for reconsideration regarding his claim of abandonment of counsel, #81. On November 18, 2011, this Court entered judgment in favor of defendants on plaintiff's claims pursuant to 42 U.S.C. § 1983. Although plaintiff was appointed counsel by the Court, he has filed this motion for reconsideration *pro se*. Plaintiff's motion is handwritten and difficult to understand, but the Court has been able to decipher that his sole argument is that he was denied the effective assistance of the court-appointed counsel in this civil case. Plaintiff's motion does not pertain to the merits of his civil rights claims.

Plaintiff complains that his appointed counsel "abandoned" him, thereby breaching his fiduciary duty as his attorney pursuant to Missouri law, by: 1) failing to properly amend his complaint; 2) failing to "properly itemize [plaintiff's] original and amended complaint;" 3) allowing plaintiff to proceed with his *respondeat superior* and official immunity claims; 4) failing to provide copies of documents to plaintiff due to cost restraints imposed by the Court's denial of counsel's request for interim reimbursement of out-of-pocket expenses;[1] and 5) refusing

---

[1] The Court denied counsel's interim request because the expenses claimed were potentially recoverable from defendants should plaintiff have ultimately received a favorable judgment or settlement. *See* Order of March 17, 2011, #54.

to perform certain duties, including amending plaintiff's complaint and responding to defendants' motions.

Plaintiff's motion for reconsideration will be denied.  Motions for reconsideration are not mentioned in the Federal Rules of Civil Procedure, and plaintiff's motion only complains of his counsel's actions and performance, which claim is not cognizable.  The Eighth Circuit has long maintained that "there is no constitutional or statutory right for an indigent to have counsel appointed in a civil case," and therefore, "there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988) (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir.1980)); *see also Taylor v. Dickel*, 293 F.3d 427, 431 (8th Cir.2002).  Plaintiff's motion may be construed as one seeking relief under Fed. R. Civ. P. 60(b)(6), but for the foregoing reason, ineffective assistance of counsel claims do not form the basis of such relief.  Therefore, plaintiff's motion for reconsideration on the ground that he failed to received the effective assistance of appointed counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider, #81, is **DENIED** in its entirety.

Dated this  23rd  day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE